IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RODNEY A. FOX                                                                                        PLAINTIFF

    v.                                       Civil No. 12-3034

SHERIFF ROGER VICKERS;
and JAIL ADMINISTRATOR
NATHAN ROGERS                                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Rodney A. Fox, pursuant to the terms of 42U.S.C. § 1983. The Plaintiff proceeds *pro se* and *in forma pauperis.*

Defendants' motion to dismiss (Doc. 9) is pending before me. Plaintiff filed a response (Doc. 11) and the motion is ready for decision.

### 1. Background

According to the allegations of the complaint, on February 3, 2012, Plaintiff was booked into the Marion County Jail. Plaintiff indicates he remained there until he started filing grievances regarding the conditions in the jail. Specifically, he alleges he filed grievances about the following: no fire sprinkler system; no batteries in the smoke detector; no fire extinguishers; no emergency call buttons; no law library or access to anyone trained in the law; not allowed to use soap except when showering; and not being able to use his tooth brush and toothpaste as directed by medical professionals. (Docs. 1 and 4). He alleges that the jail has been condemned. In retaliation for his submission of grievances, Plaintiff maintains he was transferred to another county jail.

### 2, Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3, Discussion

Defendants argue the case must be dismissed because Plaintiff has sued them in their official capacities only and "fails to allege any unconstitutional county policy or custom and certainly fails to allege that any county policy or custom violated his constitutional rights." Further, they maintain Plaintiff has failed to allege any actual physical injury resulted from the Defendants' conduct. As such, pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), he may not recover any compensatory damages.

While Plaintiff did indicate he was suing the Defendants in their official capacity only, I note that he requested punitive damages which are not available against Defendants in their official capacity. He also alleges the jail has been condemned but Defendants continue to house inmates there. I think this is enough to suggest the existence of an unconstitutional custom or policy. Further, I believe the

complaint contains allegations suggesting the existence of an actual physical injury. If not, Plaintiff may still recover nominal damages. Plaintiff should be given an opportunity to amend his complaint to clarify whether he intended to sue the Defendants in both their official and individual capacities and whether he suffered any physical injury as a result of the conditions he was housed under.

### 4. Conclusion

For the reasons stated, I recommend that Defendants motion to dismiss (Doc. 9) be denied. Plaintiff should be directed to file an amended complaint stating whether he intends to pursue both individual and official capacity claims and whether he suffered any physical injury.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of October 2012.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE