IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RODNEY A. FOX                                                                                                 PLAINTIFF

v.                                            Case No. 3:12-CV-03034

SHERIFF ROGER VICKERS; and
NATHAN ROGERS, Jail Administrator                                                      DEFENDANTS

**O R D E R**

  Currently before the Court is the Report and Recommendation (Doc. 21) filed in this case on October 16, 2012, by the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Defendants' objections (Doc. 26). Plaintiff did not file objections to the Report and Recommendation; he did, however, file a "Motion to not dismiss case"[1] after requesting an extension to file objections to the Report and Recommendation. The Court construes Plaintiff's "Motion to not dismiss case" as a comment on the Report and Recommendation. However, Plaintiff's Motion simply requests that his case not be dismissed and contains no specific objections to any findings or recommendations by the Magistrate. The Magistrate's recommendation, in fact, is that Plaintiff's case not be dismissed and that Defendants' Motion to Dismiss be denied.

  Plaintiff also filed a Motion to Amend Complaint (Doc. 29) within the period of time provided for the filing of objections to the Report and Recommendations. That Motion was subsequently granted by the Magistrate (Doc. 30). The Amended Complaint appears to potentially cure at least one of the issues raised by Defendants in their Motion to Dismiss as well as in their

---

[1] That "Motion" was denied by order of Magistrate Judge Marchewski on January 8, 2013. The Order directed the Clerk to re-file the document as a statement in support of the adoption of the report and recommendation. The document was re-filed as such (Doc. 31).

objections to the Magistrate's findings. However, even if the Court were to consider Plaintiff's Motion to Amend Complaint (which was subsequently filed as his Amended Complaint (Doc. 32) as properly being a part of his objections to the findings of the Magistrate, any new arguments presented for the first time in that document could be considered waived by Plaintiff. *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (finding district court properly refused to consider a plaintiff's arguments not presented first to the magistrate judge). "To hold otherwise would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). The Court may, however, consider new arguments if a manifest injustice would result from a failure to do so. *Id.* (declining to address contentions raised for the first time in objections absent a showing that manifest injustice justice would result from the failure to do so).

The Court finds, in this case, that a manifest injustice would result from a failure to consider Plaintiff's Motion to Amend Complaint, and the new arguments raised therein. Plaintiff in this case is proceeding pro se and appears to be making a concerted effort in his Motion to Amend Complaint to directly address the concerns raised by Defendants as analyzed by the Magistrate. It would impose an injustice on the Plaintiff, who has been navigating this litigation without the aid of counsel, to dismiss this case only to make Plaintiff jump through the procedural hoops of refiling his Amended Complaint as a new case. Rather, it is in the best interests of justice to allow this case to proceed as currently presented. Furthermore, the Court should freely give leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). The Magistrate has given the Plaintiff leave to file his amended pleading, and the Court supports that finding.

The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Defendants have raised objections, while keeping in mind the fact that

Plaintiff has filed an Amended Complaint. 28 U.S.C. § 636(b)(1). Specifically, Defendants object to the Magistrate's implicit finding that Plaintiff's Complaint may be construed as to potentially bring claims against the Defendants in their individual capacities, regardless of the fact that Plaintiff had affirmatively represented that he was suing Defendants in their official capacity only (Doc. 4, p. 4). Plaintiff's Amended Complaint now expressly states that "Plaintiff would like to sue under personal capacities." (Doc. 29, p. 2). Allowing this case to proceed as currently presented, Defendants's first objection has been resolved. The Court declines to adopt the magistrate's findings on this issue and, instead, overrules Defendants' objection on the alternative basis that it has become moot.

      Defendants also object to any finding by the Magistrate that Plaintiff's allegations were sufficient to state a claim against Defendants in their official capacities. In supporting his finding that Plaintiff made sufficient allegation of an unconstitutional custom or policy, the Magistrate stated that Plaintiff "alleges the jail has been condemned but Defendants continue to house inmates there." (Doc. 21, p. 2). Notably, Plaintiff does not allege in the Amended Complaint that the Marion County Jail facility was condemned. Although Plaintiff does not appear to otherwise have materially altered the factual substance of his allegations in his Amended Complaint, because an amended pleading has been filed that might change the parties' and the Court's analysis of whether dismissal is warranted in this case, the Court will not address this objection on the merits at this time. The Court declines to adopt the Magistrate's finding on this point, and instead overrules Defendants' objection without prejudice to their ability to file an appropriate dispositive motion regarding Plaintiff's Amended Complaint.

      Accordingly, IT IS ORDERED that the Court declines to adopt the Report and Recommendations (Doc. 21) and, instead, DENIES Defendants' Motion to Dismiss (Doc. 9) on the

alternative bases set forth above.

      IT IS SO ORDERED this 27th day of March, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE